UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JODI SILBERMAN, | |
| Plaintiff, | 20 C 1745 |
| v. | Judge Thomas M. Durkin |
| AL STEWART, Acting Secretary for the United States Department of Labor, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Jodi Silberman alleges discrimination, harassment, and retaliation against her former employer, the U.S. Department of Labor. The Department filed an answer asserting five affirmative defenses. R. 26. Silberman has moved to strike all of them. R. 29. That motion is denied.

### Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Accordingly, a motion to strike "will not be granted unless it appears [certain] that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal

citation omitted). Still, motions to strike may be granted when they serve to "remove unnecessary clutter from the case." *Heller*, 883 F.2d at 1294. And courts are afforded considerable discretion when ruling on a Rule 12(f) motion. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th. Cir. 2009).

With respect to striking affirmative defenses specifically, a court will only do so when they "are insufficient on the face of the pleadings." *Heller*, 883 F.2d at 1294. "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.* Notably, the Seventh Circuit has yet to decide whether the *Twombly-Iqbal* plausibility standard applies to affirmative defenses, and district court opinions are divided on the issue. *Compare Cordero v. Torres*, 2019 WL 3287840, at *6 (N.D. Ill. July 22, 2019) (holding that *Twombly-Iqbal* does not apply) *with Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. July 3, 2014) (applying *Twombly-Iqbal*); *see also Naylor v. Streamwood Behav. Health Sys.*, 2012 WL 5499441 at *7 (N.D. Ill. Nov. 13, 2012) (collecting cases).

## Analysis

Silberman argues that affirmative defenses must be plausible and contends that the Department's affirmative defenses do not meet this standard. *See* R. 37 at 2-3. The Court declines to apply this standard for several reasons.

First, Federal Rule of Civil Procedure 8(b)(1)(a) requires only that a party "state in short and plain terms its defenses." And Rule 8(c)(1) provides that in response to a pleading, a party must simply "state any avoidance or affirmative defense." Courts have long recognized that the purpose of Rule 8(c) is simply to "avoid

surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997); *Brunswick Leasing Corp. v. Wisc. Cent., Ltd.*, 136 F.3d 521, 531 (7th Cir. 1998). By contrast, Rule 8(a) requires claims to show "that the pleader is entitled to relief." "Entitlement to relief" is the language underlying the plausibility standard of *Twombly* and *Iqbal*, and it is simply not present in the rules governing affirmative defenses. *See Cordero*, 2019 WL 3287840, at *6 ("Nothing in Rule 8(b)(1)(a) requires defenses to be plausible or that a defendant 'show it is entitled to relief,' as 8(a)(2) requires of claims."); *LaPorte v. Bureau Veritas N. Am. Inc.*, 2013 WL 250657 at *1-2 (N.D. Ill. Jan. 18, 2013) (declining to extend the pleading requirements of *Twombly-Iqbal* because the language of the rules for pleading claims and defenses is considerably different). Silberman does not dispute that the Department's affirmative defenses meet the basic notice standard provided by Rules 8(b) and 8(c).

Even if Silberman's pleading did not meet Rule 8's standard for affirmative defense, the Court questions the utility of striking them at this stage of the proceedings. True, striking an affirmative defense may be appropriate where doing so would significantly affect the scope of discovery. *See WM Capital Mgmt., Inc., v. Stejskal*, 2016 WL 6037851 at *1 (N.D. Ill. Oct. 14, 2016). But Silberman has not articulated *any* reason for bringing her motion to strike. Silberman does not ask the Court to limit discovery or preclude the Department from raising certain arguments by motion or seek any other substantive relief. Silberman's only request is that the

defenses be "stricken." This sort of formality is "wasteful make-work" that does not even serve to "remove unnecessary clutter." *Id.*

Moreover, even in instances when striking an affirmative defense is technically appropriate—which is not the case here—it is rarely consistent with the goal of Federal Rule of Civil Procedure 1, which provides that the purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Moving to strike affirmative defenses "risks wasting scarce judicial resources by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *Dace v. Chi. Pub. Sch.*, 2020 WL 1861671, at *2 (N.D. Ill. Mar. 18, 2020) (denying a motion to strike as inconsistent with Rule 1). As the Seventh Circuit has explained, motions to strike should rarely be granted because courts must ensure that the defendant has an "opportunity to prove [its] allegations if there is a possibility that [the] defense . . . may succeed after a full hearing on the merits." *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Silberman has not given the Court any reason to justify depriving the Department of that opportunity.

The Court assumes that legitimate concerns motivated this motion. For instance, Silberman might desire greater clarity regarding the bases for the Department's asserted defenses. And presumably Silberman opposes all the defenses on their merits. But these issues should be addressed in conferences between counsel in the first instance. If agreements cannot be reached as to how to proceed, a motion for clarification of the pleadings, or to limit discovery, or for summary judgment may

4

be the solution. Those discussions and motions, conducted or brought in a timely manner, would almost certainly advance the case towards resolution. This motion did not.

## Conclusion

Therefore, Silberman's motion to strike [29] is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 18, 2021