# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JODI SILBERMAN, | |
| Plaintiff, | No. 20 C 1745 |
| v. | Judge Thomas M. Durkin |
| MARTIN J. WALSH, Secretary of the United States Department of Labor, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Jodi Silberman alleges that her former employer, the U.S. Department of Labor, retaliated against her and failed to accommodate her "disabilities of anxiety, depression, and social phobias." R. 24 ¶ 17. She also alleges that the retaliation caused her stress that "resulted in" several physical ailments including hyperthyroidism. *Id.* ¶ 24. Defendant has filed a motion to compel a mental examination of Silberman pursuant to Federal Rule of Civil Procedure 35. R. 42. That motion is granted.

Under Rule 35, on a "motion for good cause," the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination." A plaintiff places her mental condition "in controversy" when she "affirmatively claim[s] a 'disability' involving mental health," or "seek[s] damages for emotional distress." *See Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2010) (citing cases).

Silberman first argues that her mental condition is not in controversy because she has only alleged "garden variety" emotional distress in a "conclusory" manner. *See* R. 46 at 10. Putting aside the fact that it is puzzling for a plaintiff to characterize her own allegations as "conclusory," the Court disagrees that Silberman's allegations of mental and physical disabilities and injuries are not well-pled. Silberman has clearly alleged that she suffers from "anxiety, depression, and social phobias"; that the stress of Defendant's alleged retaliation caused her to suffer "issues with her eyes, skin, sleep problems, fatigue, hair loss, and a sudden loss of weight"; and that hyperthyroidism resulted from the stress and/or exacerbated it. *See* R. 24 ¶¶ 17, 24. As the Supreme Court has explained, such "pleadings alone are sufficient . . . [to] place[] that mental or physical injury clearly in controversy and provides defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

To the extent some courts have held that allegation of mere "garden variety" emotional distress is an insufficient basis to order a Rule 35 examination, courts in this district have rejected that approach. *See, e.g., Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 515-18 (N.D. Ill. 2018); *Taylor v. City of Chicago*, 2016 WL 5404603, at *2-3 (N.D. Ill. Sept. 28, 2016). Furthermore, Silberman does not make "garden variety" allegations of general "emotional distress." She alleges not just emotional distress, but specific mental disabilities. She then alleges that Defendant retaliated against her for complaining about Defendant's failure to accommodate her mental disabilities. And she alleges that the stress caused by this retaliation caused the

2

emotional and physical ailments recounted above. These several layers of claims and causation with respect to specific mental and physical ailments are not "garden variety."

Silberman argues further that her mental condition is no longer in controversy because she recently testified at her deposition that her emotional distress is not ongoing and that her "mental health is fine." R. 46 at 6, 9. To the extent this testimony is sufficient to amend Silberman's claims, it is vague and raises more questions than it answers, including how her improvement came about and what the implications of that improvement are in light of her allegations that Defendants caused her mental and physical distress in the past. Rather than undermining the need for a mental examination, Silberman's testimony that she is now "fine" is an additional allegation regarding her mental condition which Defendant should have the opportunity to test by psychological examination.

Silberman also argues that even if her mental condition is in controversy, Defendant has not demonstrated good cause for an examination because the information Defendant seeks can be obtained from Silberman's medical records and by deposing her treating physicians. This argument may have some force, but only with respect to assessing Silberman's damages. Indeed, all the cases Silberman cites involved plaintiffs whose mental condition was in controversy only with respect to damages. But in this case, Silberman alleges that Defendant failed to accommodate her mental disabilities. This claim requires determination of what would be a reasonable accommodation for Silberman's disabilities. *See Gilfillan v. Bradley Univ.*,

2021 WL 1808599, at *3 (7th Cir. May 6, 2021); *Sansone v. Brennan*, 917 F.3d 975, 980 (7th Cir. 2019). Proof on this issue often involves expert testimony. *See Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016). This establishes good cause for granting Defendant's motion.

Silberman argues that "nothing indicates" that she "intends to call expert witnesses." R. 46 at 5. This is a vacuous, somewhat disingenuous statement, because for purposes of this motion there is no middle ground. Either Silberman has decided to forego expert testimony, or she hasn't. Silberman has not disavowed an intent to rely on expert testimony, so the Court must assume that expert testimony will be part of her case. Accordingly, Defendant must be permitted the opportunity to have its own expert(s) examine Silberman in order to rebut her experts. And as discussed, expert testimony will likely be relevant to and potentially dispositive of Silberman's reasonable accommodation claim. Thus, the Court is dubious of Silberman's insinuation that she *might* forego expert testimony. In any case, even if that was Silberman's decision, it would not foreclose Defendant from seeking Silberman's examination in order to use expert testimony in defense.

Silberman points out that "good cause usually requires diligence," and argues that Defendant cannot demonstrate diligence because "Defendant has had knowledge of [Silberman's] general anxiety and phobias since 1998." R. 46 at 7. Silberman contends that Defendant considered seeking her psychological examination before she filed this case. But of course, Rule 35 does not apply outside of federal litigation, and it is not clear that the conditions of Silberman's employment would have

4

permitted Defendant to compel an examination. Even if Defendant did have that power, Silberman has not cited any authority that such an opportunity is relevant to Defendant's diligence during discovery in this case, or that it has any bearing on whether Defendant has established good cause for this motion. The only authority she cites concerns a party's diligence during the course of a case once it has been filed. *See id.* at 6-7. And Silberman does not argue that Defendant waited too long to seek her examination during the course of discovery. Thus, there is no basis for the Court to find that Defendant failed to seek Silberman's examination in a timely manner.[1]

Finally, Defendant asks that the examination also include not only psychological testing regarding Silberman's personal characteristics and emotional functions, but also "cognitive testing addressing her attention/concentration, task engagement, learning and memory, general intellectual functioning and scholastic achievement, language, visuospatial, executive and motor functioning." *See* R. 43-1 at 95. Silberman seeks to limit the scope of any examination the Court might order to exclude cognitive tests arguing that such tests are "irrelevant to [her] disabilities of depression, general anxiety, and phobias," and because "this case revolves around how the Defendant . . . fail[ed] to accommodate *physical* disabilities." R. 46 at 14 (emphasis in original). This argument is contrary to Silberman's complaint which, as discussed, clearly alleges that Defendant failed to accommodate Silberman's mental disabilities and that Silberman suffered physical ailments that were caused, at least

---

[1] For the reasons stated, the Court also rejects Silberman's argument that the prejudice of an examination would outweigh its probative value.

5

in part, by stress, which is another mental condition. In the context of these allegations, and Silberman's failure to accommodate claim, Silbermans' request to prohibit cognitive testing makes little sense. The cognitive testing is intended to reveal Silberman's capacity for certain workplace tasks, which is the heart of a failure to accommodate claim based on mental disabilities. That is what Silberman has alleged, so a mental examination, by a defense expert, including cognitive testing, is required for this case to proceed.

**Conclusion**

Therefore, Defendant's motion to compel [42] is granted.

ENTERED:

_Thomas M Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: June 23, 2021